# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MARKELL WISE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>GISELLE MATTESON,<br><br>　　　　　Respondent. | Case No. 2:22-cv-04054-MEMF (AS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　The Magistrate Judge's Report recommends the denial of habeas relief for Petitioner's claims challenging his convictions for first-degree murder and attempted murder. (Dkt. No. 36). For the following reasons, Petitioner's objections to the Report (Dkt. No. 37) do not warrant a change to the Magistrate Judge's findings or recommendation.

　　　Petitioner objects that the California Court of Appeal misrepresented the sequence of events regarding Petitioner's contact with the "*Perkins* agent" (*i.e.*, the

jailhouse informant) and the detectives' investigation. (Dkt. No. 37 at 1). Petitioner explains that contrary to the Court of Appeal's summary, he did not make any incriminating statements until *after* the "compelling influences used by the detectives," namely the 30-40 minute "simulation," the "false photo line-up" and the false assertion that eyewitnesses had identified him in both incidents. (Dkt. No. 37 at 3).

First, this Court must assume the Court of Appeal's recitation of the facts is correct unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Deck v. Jenkins*, 814 F.3d 954, 973 (9th Cir. 2016); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009). Petitioner has failed to do so. Second, Petitioner does not specify how the sequence of events was misrepresented and whether the misrepresentation was on the part of the Court of Appeal or if the Court of Appeal accurately summarized the evidence at trial and the evidence at trial was in error. Accordingly, his conclusory objection does not show error in the California Court of Appeal's findings.[1] *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Third, even assuming arguendo there was an error in the recitation of the sequence of what occurred, this Court does not find that such an error would entitle Petitioner to habeas relief. Whether or not Petitioner began making incriminating statements only at the end of the sequence of events described does not affect the analysis of Due Process or the Confrontation Clause in any significant way. In fact, the Court of Appeal stated that "[i]n each of the three encounters, the incriminating statements were made by the appellants *well toward the end of the encounter*." (Lodged Doc. 2 at 36 (emphasis added)). Similarly, its analysis of Wise's statements did not mention or rely on the alleged fact that

---

[1] And Petitioner, by failing to specify the nature of the alleged misrepresentation, has failed to show that the Court of Appeals' rejection of Ground One and Ground Three involved an unreasonable determination of the facts.

2

Petitioner made incriminating statements *before* the "compelling influences" that Petitioner described. (Lodged Doc. 2 at 36–39). Rather, the Court of Appeals found that those "compelling influences" did not amount to coercion. (Lodged Doc. 2 at 36–39). Petitioner has failed to show that the statements—even if made in the order Petitioner contends—were coerced under governing law. Any such error therefore would not change the Court's determination that the state court's rejection of Ground One and Ground Three was not contrary to, or an unreasonable application of, clearly established federal law, and it did not involve an unreasonable determination of the facts.

Petitioner objects that the California Supreme Court improperly rejected Ground Two, in which Petitioner raised multiple arguments challenging the prosecutor's theory of liability based on an uncharged conspiracy. (Dkt. No. 37 at 2). But as the Magistrate Judge's Report carefully explained in detail, Petitioner had adequate notice of the prosecutor's theory of liability, the relevant jury instructions were adequate, and appellate counsel was not ineffective for failing to raise this issue on appeal. (Dkt. No. 36 at 39–49).

Petitioner objects that state law enforcement officers' use of an undercover informant is unconstitutional. (Dkt. No. 37 at 2). To the contrary, the constitutionality of the use of undercover informants is well-established. *See Hoffa v. United States*, 385 U.S. 293, 311 (1966) ("Courts have countenanced the use of informers from time immemorial. . . . [T]he use of secret informers is not per se unconstitutional.").

Petitioner objects that the state used "compelling influences" to elicit self-incriminating statements from him during the undercover operation, suggesting that his statements were coerced. (Dkt. No. 37 at 3). As the Report discussed, however, it was not objectively unreasonable for the California Court of Appeal to conclude that Petitioner was not coerced. (Dkt. No. 36 at 24). The confidential informant did not use threats or violence, make any promises, or intimidate Petitioner. (*Id.*).

3

1  Instead, the confidential informant established himself as a trustworthy veteran of
2  the criminal justice system who could be trusted with information about the
3  problem Petitioner was facing. (*Id*.).
4    Petitioner objects that the California Court of Appeal erred in finding that he
5  was not psychologically pressured by the informant or the detectives. (Dkt. No. 37
6  at 3–4). Specifically, Petitioner objects that he was psychologically pressured
7  because he was told, without any factual support, he was facing a murder charge
8  that was only "hypothetical." (*Id*.) But the California Court of Appeal did not find
9  that Petitioner was pressured with an actual, concrete murder charge when he talked
10 with the informant. (Dkt. No. 36 at 21). Instead, the California Court of Appeal
11 accurately characterized the charges against Petitioner as "potential." (Dkt. No. 9-2
12 at 37). Moreover, even if Petitioner is correct that detectives lied to him about
13 facing an actual murder charge, such deception did not mean his statements to the
14 informant were coerced or involuntary. (Dkt. No. 36 at 28 n.8 (collecting cases)).
15   Petitioner objects that the out-of-court statements of his co-defendants,
16 admitted against Petitioner at trial, violated the Confrontation Clause because the
17 "primary purpose" of the statements was testimonial. (Dkt. No. 37 at 4). As the
18 Report correctly found, however, the statements were not testimonial because they
19 were made unwittingly to jailhouse informants. (Dkt. No. 36 at 34–35).
20   Petitioner objects that he was not given adequate notice of the prosecutor's
21 theory of liability based on an uncharged conspiracy. (Dkt. No. 37 at 5).
22 Specifically, Petitioner objects that an instruction on the theory was not discussed
23 until the jury instruction conference at the close of evidence. (*Id*.). As the Report
24 found, however, Petitioner had notice of the theory four days before closing
25 arguments, as well as several days earlier during a discussion of the *Perkins*
26 operation. (Dkt. No. 36 at 41). The Report reasonably concluded that Petitioner
27 had constitutionally adequate notice of the theory. (*Id*.).
28

Petitioner objects that the trial court erred in failing to instruct the jury with CALCRIM No. 418, regarding statements made during the uncharged conspiracy. (Dkt. No. 37 at 6–8). As the Report correctly found, the failure to give this instruction did not lower the prosecutor's burden of proof. (Dkt. No. 36 at 45). Moreover, CALCRIM No. 418, which is given when a statement is admitted under the hearsay exception for statements by coconspirators, was not warranted in this case. "It has long been the law in [California] that a conspirator's statements are admissible against his coconspirator only when made during the conspiracy and in furtherance thereof." *People v. Saling*, 7 Cal. 3d 844, 852 (1972). Petitioner does not identify an admitted statement made by a coconspirator during the conspiracy and in furtherance thereof. Instead, Petitioner points to coconspirators' statements that were made, during jailhouse conversations with informants, approximately five months after the crimes had occurred. (Dkt. No. 37 at 6). Because these challenged statements were made after the conspiracy had ended, they were not admissible under the hearsay exception for statements by coconspirators. *See Saling*, 7 Cal. 3d at 853 (citing *Krulewitch v. United States*, 336 U.S. 440, 443 (1949)). Thus, CALCRIM No. 418 was inapplicable. Instead, as the California Court of Appeal found, the statements that Petitioner and his co-defendants made to the informants were admissible as declarations against penal interest. (Dkt. No. 9-2 at 50-52).

Petitioner objects that his appellate counsel was ineffective for failing to raise issues on appeal about the uncharged conspiracy. (Dkt. No. 37 at 8). As the Report reasonably found, however, appellate counsel was not ineffective because these issues were untenable or meritless. (Dkt. No. 36 at 49).

Petitioner objects that police operations with confidential informants are unconstitutional, are targeted at lower-class citizens, and compelled Petitioner to become a witness against himself. (Dkt. No. 37 at 8–10). As stated above, the constitutionality of the government's use of confidential informants is well-established. *See Hoffa*, 385 U.S. at 311. In particular, the Supreme Court has

rejected the argument that the use of confidential informants results in compulsory self-incrimination where, as here, the statements were not "the product of any sort of coercion, legal or factual." *Id.* at 304.

For these reasons, Petitioner's objections to the Report are overruled.

## ORDER

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: December 16, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE